IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Eppendorf AG | ) |
| | ) |
|     *Plaintiff*, | ) Civil Action No. 07-C-623-C |
| | ) |
| vs. | ) |
| | ) |
| Bio-Rad Laboratories, Inc., MJ GeneWorks, Inc., and MJ Research, Inc. | ) **JURY TRIAL DEMANDED** |
| | ) |
|     *Defendants*. | ) |
| | ) |

**JOINT RULE 26(F) REPORT**

Pursuant to Federal Rule of Civil Procedure 26(f) counsel for all parties in the above-captioned action have conferred regarding a discovery plan in this matter, the nature and basis of their respective claims and defenses, and the possibility of settlement. In accordance therewith, the parties submit this Joint Rule 26(f) Report outlining the parties' proposed discovery plan.

1.     <u>Brief Description of Action and Nature of the Case</u>:

This is an action arising under the patent laws of the United States, Title 35 of the United States Code. Plaintiff Eppendorf AG ("Eppendorf") has brought this action against defendants Bio-Rad Laboratories, Inc., MJ GeneWorks, Inc., and MJ Research, Inc., referred to herein collectively as "Bio-Rad", for patent infringement of U.S. Patent No. 6,767,512 (the "'512 Patent"). Bio-Rad has denied the infringement allegations and filed counterclaims for a declaration of non-infringement, unenforceability, and invalidity of the '512 Patent. Eppendorf contends that Bio-Rad has failed to properly plead a counterclaim of unenforceability. Bio-Rad contends it properly pled the affirmative defense and counterclaim of unenforceability in Paragraphs 31, 36, and 43 of its Answer. However, as stated below, Bio-Rad may seek to add an additional

defense of inequitable conduct to its asserted counterclaims. The technology in this case involves laboratory instruments called gradient thermal cyclers.

2. Related Cases:

There are no related cases.

3. Material Facts and Legal Issues to be Resolved at Trial:

The material facts and legal issues that the parties will likely dispute include: (1) the meaning of aspects of certain elements in the patent claims; (2) whether the '512 is valid and enforceable; and (3) the relief to which Eppendorf is entitled, if any, should Bio-Rad be found to infringe the '512 patent, and should the '512 patent be held valid and enforceable.

4. Amendments to the Pleadings:

Eppendorf does not presently intend to make any amendments to the pleadings.

Depending on the facts that it leans in discovery, Bio-Rad might amend its claims to include an inequitable conduct defense.

5. Identity of New Parties to be Added:

The parties are not aware of parties needing to be added.

6. Trial Date

Eppendorf proposes that trial begin August 25, 2008, which falls within the six to ten month period after the preliminary pretrial conference as set forth in the Court's Standing Order Governing Preliminary Pretrial Conferences.

Eppendorf has represented to Bio-Rad that it will make available the non-employee inventors without requiring Bio-Rad to issue Letters Rogatory. Eppendorf has also represented to Bio-Rad that it expects the production in this case to be reasonable in size. Furthermore, Eppendorf has indicated to Bio-Rad that, based on the documents collected to date, its current percentage estimate of non-English production to be on the order of 50-60%. Finally, Eppendorf would like to make the Court aware

that Bio-Rad has retained as counsel a firm with hundreds of attorneys and offices all over the world – including Munich, Germany. Thus, Eppendorf submits that Bio-Rad's concerns are misplaced and understate its counsel's capabilities.

Bio-Rad proposes that trial should begin May 2, 2009. Bio-Rad believes there are a number of complicating issues in this case with respect to a trial date. First, the inventors are in Germany. Only one still works for the company. While Eppendorf has said that it will represent all the inventors, it has not confirmed yet whether Letters Rogatory will need to be used to compel the testimony of the non-employees. Similarly, since Eppendorf is a German company with its primary operations in Germany, many witnesses who we do not yet know about may no longer be employees. Depositions of these witnesses could require the need for Letters Rogatory to compel testimony. Last, more than fifty percent of the Eppendorf documents are in German, including the inventor notebooks. This will require time consuming translations. Bio-Rad submits its trial date in light of these complicating facts.

7.   Trial Length

Eppendorf estimates that trial should take no more than four trial days. Eppendorf submits that this is sufficient time for the parties to be heard on all issues, especially given the Court's busy docket.

Bio-Rad believes that the there should be ten trial days divided equally. There are a number of accused products which may involve different issues of proof. There are potentially foreign witnesses who may need translators. Four days of trial total, as Eppendorf proposes, is not an adequate amount of time for Bio-Rad to present its defenses.

8.   Other Matters:

Bio-Rad contends that the multiple foreign witnesses located in Germany and the foreign language documents complicate issues in this case with respect to a

discovery schedule. Eppendorf is proposing, and Bio-Rad has agreed, that depositions of the witnesses be taken in locations convenient for the witness, *i.e.,* it is possible the depositions of certain witnesses will occur in Germany and translators will be needed. Based on the logistics of obtaining foreign witness information and translating Eppendorf's documents into English, Bio-Rad does not believe that a 6 to 10 month trial schedule would be enough time to adequately conduct discovery and prepare for trial.

## PROPOSED DISCOVERY PLAN

<u>Subjects on Which Discovery May be Needed</u>:

The parties agree that discovery will be needed on issues of (1) infringement and non-infringement, (2) validity and invalidity, (3) inequitable conduct; and (4) damages.

<u>Proposed Discovery Schedule</u>

a. <u>Initial Disclosures Pursuant to Rule 26(a)(1)</u>:

The parties have agreed to exchange initial disclosures on March 7, 2008.

b. <u>Last Day to Amend Pleadings Without Leave of Court</u>:

Eppendorf proposes that the last day to amend pleadings be February 29, 2008.

Bio-Rad proposes that the last day to amend pleadings be May 18, 2008.

c. <u>Last Day to Seek to Join Additional Parties</u>:

The parties agree that the last day to join additional parties be March 28, 2008.

d. <u>Disclosure of Expert and Expert Reports</u>:

Exchange of expert reports on issues for which the respective parties bear the burden of proof (including damages disclosures under FRCP 26(a)(1)(c)) shall be made in accordance with FRCP 26(a)(2):

- **Initial Reports:**

    Eppendorf proposes May 30, 2008.

    Bio-Rad proposes October 15, 2008.

- **Rebuttal Reports:**

    Eppendorf proposes June 13, 2008.

    Bio-Rad proposes November 15, 2008.

- **Expert Depositions:**

    Eppendorf proposes completion by July 18, 2008.

    Bio-Rad proposes completion six weeks prior to trial date.

- The parties agree to work together in good faith should supplemental expert reports and depositions become necessary as a result of any claim construction issued by the Court or as a result of the Court deciding any summary judgment motions.

e.  Completion of Discovery:

Eppendorf proposes that fact discovery shall be completed by May 2, 2008 and expert discovery shall be completed by July 18, 2008.

Bio-Rad proposes that fact and expert discovery shall close six weeks prior to the first day of trial.

Dispositive Motions

The parties propose that dispositive motions be filed not later than four months before trial and prior to the close of discovery as required in the Court's Standing Order Governing Preliminary Pretrial Conferences.

Claim Construction and Markman Hearing

The parties jointly request a claim construction and *Markman* Hearing.

Final Pre-Trial Conference:

Eppendorf proposes that the final pretrial conference should be held on August 18, 2008.

Bio-Rad proposes that the final pretrial conference be set for the second Thursday before the first day of trial.

Electronically Stored Information:

The parties both have electronically stored information. The parties agree that their obligations to provide electronically stored information ("ESI") are governed by the Federal Rules of Civil Procedure. The parties further agree:

    a.    Subject to requests to production and any objections, documents shall be produced in an electronic format on a rolling basis and where documents are in multi-page TIFF image format with document breaks that can be viewed on applications including, but not limited to, Concordance and IntroSpect;

    b.    The parties will specify any particular load file requirements for the software application being used;

    c.    Each party reserves the right to request and receive any document in color as needed and applicable, and where possible;

    d.    From time to time, an electronic file may contain information that is impossible or difficult to read or decipher in a TIFF format. This is often the case with, for example, Excel spreadsheets, executable files, AutoCAD drawings, and so forth. Accordingly, any party may request that certain electronic files be reproduced by the other side to the requesting party in a native format. Such a request should include a short explanation of why the native format is likely to provide more relevant information or more legible information than the TIFF format file. The party receiving the request will reasonably cooperate in providing such information.

    e.    The parties have discussed preservation of discoverable electronic information. The parties agree to take reasonable steps to preserve evidence relevant to the issues that are reasonably evident in this action. The parties have further agreed that metadata need not be produced in this case.

    f.    The parties agree to meet and confer further to discuss the scope of e-mails that will be searched for and produced by each side.

<u>Claims of Privilege</u>:

The parties agree in principle that the inadvertent production or disclosure of privileged or otherwise protected materials shall not be deemed per se a waiver or impairment of any claim of privilege or protection. The parties have agreed to a procedure per FRCP 26(b)(5)(B) addressing any inadvertent production of privileged documents. That procedure will be set forth in a proposed Protective Order.

Limitations On Discovery:

The parties have agreed on the following limitations on discovery:

a. The parties agree to follow the discovery limitations set forth in the Federal Rules of Civil Procedure for depositions and interrogatories unless otherwise stated here.

b. Plaintiff will propound no more than 35 interrogatories on Bio-Rad collectively. Bio-Rad will propound no more than 35 interrogatories on Plaintiff.

c. The parties agree that each side may take 16 depositions, where a deposition is 7.5 hours of testimony time. The parties make this agreement without waiving their rights to object to any particular depositions and/or the scope of any depositions as being unduly burdensome.

d. The parties agree that the deponent may choose a location convenient for the deponent for each deposition.

Eppendorf submits that the parties should bear their own costs, absent the court finding this to be an exceptional case and awarding reasonable attorney fees and expenses under 35 U.S.C. § 285.

Bio-Rad proposes that Eppendorf be required to pay for half of the reasonable travel expenses for a certified court reporter to be used in any deposition of an Eppendorf witness or any of the inventors that occur in a foreign country, in exchange for Bio-Rad's counsel traveling to the foreign country for the sake of convenience for the deponent and not requiring the deponent to travel to the United States.

  e. The parties agree to follow the discovery limitations set forth in the Federal Rules of Civil Procedure for requests for admission.

  f. The parties agree to follow the discovery limitations set forth in the Federal Rules of Civil Procedure for requests for production of documents and things.

Scope of Expert Discovery

  The parties agree in the proposed Protective Order that draft expert reports and communications with experts will not be subject to discovery. However, all materials that an expert relied upon in connection with a final expert report shall be discoverable.

Protective Order:

  The parties have agreed to negotiate in good faith towards a proposed Protective Order to protect the parties' confidential information pursuant to Fed. R. Civ. P. 26(c).

Service of Process:

  The parties have agreed that documents (other than production documents) will be served on opposing parties by sending the documents via both e-mail to counsel and by sending documents by overnight mail to one designated counsel. Additionally, any documents filed with the court will also be hand delivered on the parties' Wisconsin counsel. Documents served after 5:00 p.m. Central Time will be considered served the next day.

  In the event that documents are of such volume that service via e-mail is impractical, the parties agree to serve as much as possible by e-mail (including the text of any motion if the exhibits to the motion are voluminous) and will serve the remainder by overnight mail (including for Saturday delivery).

  Eppendorf designates the following e-mail addresses for service:

    JRTroupis@michaelbest.com rshulman@wsgr.com;
    vnorviel@wsgr.com; nstafford@wsgr.com; kwong@wsgr.com;
    bdietzel@wsgr.com; and jrich@wsgr.com

  Eppendorf designates the following address for service via Federal Express:

JOINT RULE 26(F) REPORT  -8-

    Brian A. Dietzel
    Wilson Sonsini Goodrich & Rosati
    900 South Capital of Texas Highway
    Las Cimas IV, Fifth Floor
    Austin, Texas  78746-5546

Bio-Rad designates the following e-mail address for service:

    bilskerd@howrey.com
    wittg@howrey.com
    soccolj@howrey.com
    ccetrangolo@boardmanlawfirm.com

Bio-Rad designates the following address for process via Federal Express:

    Jason Soccol
    Howrey LLP
    525 Market Street, Suite 3600
    San Francisco, California  94105
    Telephone:  (415) 848-4972
    Facsimile:  (415) 848-4999

The parties may make reasonable changes or modifications to their designees for service upon notice to the opposing side.

DATED this 14th day of February, 2008

Respectfully submitted,

MICHAEL BEST & FRIEDRICH LLP

By: */s Brian A. Dietzel*
James R. Troupis
One South Pinckney Street, Suite 700
P.O. Box 1806
Madison, WI  53701-1806
Telephone:  (608) 257-3501
Facsimile:  (608) 283-2275

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
Ron E. Shulman
Vern Norviel
Karen Wong
650 Page Mill Road
Palo Alto, California 94304-1050
Telephone:  (650) 493-9300
Facsimile: (650) 493-6811

Nicole W. Stafford
Brian A. Dietzel
8911 Capital of Texas Highway North
Westech 360, Suite 3350
Austin, Texas 78759-8497
Telephone: (512) 338-5400

ATTORNEYS FOR PLAINTIFF
EPPENDORF AG


By: */s Georgianna W. Braden*
Catherine Cetrangolo
Boardman, Suhr, Curry & Field LLP
One South Pinckney Street – 4th Floor
Madison, Wisconsin
Telephone: (608) 257-9521
Facsimile: (608) 283-1709
Email:
ccetrangolo@boardmanlawfirm.com

David L. Bilsker
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, California  94105
Telephone:  (415) 848-4900
Facsimile:   (415) 848-4999
E-mail: bilskerd@howrey.com,

Georgianna Witt Braden
HOWREY LLP
1111 Louisiana Drive, Suite 25
Houston, Texas 77002
Telephone:  (713) 787-1410
Facsimile:   (713) 787-1440
E-mail: wittg@howrey.com

*Attorneys for Defendants Bio-Rad Laboratories, Inc., MJ GeneWorks, Inc. and MJ Research, Inc.*