IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Eppendorf AG | ) |
| *Plaintiff*, | ) Civil Action No.: 07-C-0623-C |
| vs. | ) |
| | ) **JURY TRIAL DEMANDED** |
| Bio-Rad Laboratories, Inc., MJ GeneWorks, Inc., and MJ Research, Inc. | ) |
| *Defendants*. | ) |

### FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Eppendorf AG, for its Complaint against Defendant Bio-Rad Laboratories, Inc. ("Bio-Rad") and its subsidiaries MJ Research, Inc. ("MJR") and MJ GeneWorks, Inc. ("MJG"), avers as follows:

### NATURE OF THE LAWSUIT

1. This action involves claims for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, for damages and injunctive relief pursuant to 35 U.S.C. §§ 1 *et seq*. This Court has exclusive jurisdiction over the subject matter of this Complaint under 28 U.S.C. § 1338(a).

### THE PARTIES

2. Eppendorf AG is a corporation organized and existing under the laws of Germany and has its principal place of business at Barkhausenweg 1, 22339 Hamburg, Germany.

3. On information and belief, Defendant Bio-Rad is a corporation organized and existing under the laws of the State of Delaware and has a place of business at 1000 Alfred Nobel Drive, Hercules, CA 94547.

4. On information and belief, Bio-Rad transacts business and has directly and/or indirectly provided customers throughout the State of Wisconsin, including the Western District of Wisconsin, with products that infringe one or more claims of U.S. Patent No. 6,767,512 ("the '512 patent").

5. On information and belief, Defendant MJ Research ("MJR") is a Massachusetts Corporation that is or was located at 590 Lincoln Street, Waltham, Massachusetts.

6. On information and belief, Defendant MJR is a subsidiary of Bio-Rad.

7. On information and belief, Bio-Rad acquired MJR in or around August 2004.

8. On information and belief, prior to August 2004 MJR transacted business and committed acts of infringement throughout the State of Wisconsin, including the Western District of Wisconsin.

9. On information and belief, MJR, alone or through its affiliation with Bio-Rad, transacts business and has directly and/or indirectly provided to customers throughout the State of Wisconsin, including the Western District of Wisconsin, products that infringe one or more claims of the '512 patent.

10. On information and belief, Defendant MJ GeneWorks ("MJG") is a Wisconsin Corporation that is or was located at 1100 Dallas Street, Sauk City, Wisconsin 53583.

11. On information and belief, Defendant MJG is a subsidiary of Bio-Rad.

12. On information and belief, Bio-Rad acquired MJG in or around August 2004.

13. On information and belief, prior to August 2004, MJG transacted business and committed acts of infringement throughout the State of Wisconsin, including the Western District of Wisconsin.

14. On information and belief, MJG, alone or through its affiliation with Bio-Rad, transacts business and has directly and/or indirectly provided to customers throughout the State of Wisconsin, including the Western District of Wisconsin, products that infringe one or more claims of the '512 patent.

15. Bio-Rad, MJR, and MJG are referred to hereinafter collectively as "Defendants."

16. This Court has personal jurisdiction over Defendants.

## JURISDICTION AND VENUE

17. This action arises under the Patent Laws of the United States, 35 United States Code, particularly §§ 271 and 281 and Title 28 United States Code, particularly § 1338(a).

18. Defendants have transacted and continue to transact business in the United States, in Wisconsin, and in this judicial district by: using or causing to be used; making; importing or causing to be imported; offering to sell or causing to be offered for sale; and/or selling or causing to be sold directly, through intermediaries and/or as an intermediary, a variety of products that infringe one or more claims of the '512 patent to customers in the United States, including customers in this judicial district. On information and belief, Defendants will continue to do so unless enjoined by this Court.

19. The Court has personal jurisdiction over Defendants and venue is proper in this judicial district under 28 United States Code §§ 1391(b) and (c) and 1400(b) because Defendants have substantial contacts with the State of Wisconsin and because Defendants are committing and are causing acts of patent infringement within the United States and within this judicial district, including the infringing acts alleged herein, both directly, through one or more intermediaries, and as an intermediary.

3

20. Additionally, the Court has personal jurisdiction over Defendants and venue is proper in this judicial district under 28 United States Code §§ 1391(b) and (c) and 1400(b) because Defendants have caused and are causing injury and damages in this judicial district by acts or omission outside of this judicial district, including but not limited to utilization of their own distribution channels in the United States to ship a variety of products that infringe one or more claims of the '512 patent into the United States and into this judicial district while deriving substantial revenue from services or things used or consumed within this judicial district, and will continue to do so unless enjoined by this Court.

## FACTS COMMON TO ALL CLAIMS

21. On July 27, 2004, U.S. Patent No. 6,767,512, entitled "Temperature-Regulating Block With Temperature-Regulating Devices," was duly and legally issued. Eppendorf AG is and always has been the sole owner of the '512 patent. Eppendorf AG holds all rights and interest in the '512 patent. Eppendorf AG has standing to sue for infringement of the '512 patent. A true and correct copy of the '512 patent is attached hereto as Exhibit A.

## COUNT I - INFRINGEMENT OF THE '512 PATENT

22. Eppendorf AG repeats and realleges the allegations of paragraphs 1 through 21 as though fully set forth therein.

23. Defendants have each infringed and are continuing to infringe at least claims 2 and 3 of the '512 patent directly, indirectly, contributorily, and/or by inducement, by making, using, selling, and/or offering to sell in this country, and/or importing into this country thermal cycler devices with gradient functionality including, without limitation, at least products bearing all or a portion of the product or trade name DNA Engine, DNA Engine Dyad, DNA Engine Tetrad 2, PTC-200, MJ Mini, Dyad Disciple, iQ5, Opticon 2, MiniOpticon, MyCycler, Chromo4, iCycler, MyiQ, C1000, S1000, and CFX96, any variants or derivatives thereof, along

4

with related reagents and other consumables, and services associated therewith in violation of 35 U.S.C. § 271.

24. On information and belief, Defendants infringement of the '512 patent is willful, deliberate, thereby rendering this an exceptional case pursuant to 35 U.S.C. §§ 284 and 285.

25. Eppendorf AG has been damaged by Defendant's infringing activities and will be irreparably injured unless such infringing activities are enjoined by this Court.

## **PRAYER FOR RELIEF**

Wherefore, Eppendorf AG prays for judgment in its favor and against Defendants as follows:

1. A declaration that Defendants have directly and willfully infringed, willfully contributed to the infringement of, and willfully induced infringement of at least one of the claims of the '512 patent;

2. Enter a preliminary and permanent injunction restraining Defendants, their officers, agents, attorneys, and all persons in active concert or participation with Defendants from further acts of direct and/or indirect infringement of the '512 patent, pursuant to 35 U.S.C. § 283;

3. An award of damages sufficient to compensate Eppendorf AG for Defendants' infringement, inducement of infringement, and/or contributory infringement of the '512 patent, pursuant to 35 U.S.C. § 284;

4. An award of Eppendorf AG's reasonable attorneys' fees, expenses, and costs incurred in this action, pursuant to 35 U.S.C. §§ 284 and 285;

5. An award to Eppendorf AG of treble damages pursuant to 35 U.S.C. § 284; and

6. Such other and further relief as this Court shall deem appropriate.

## **REQUEST FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Eppendorf AG hereby demands a trial by jury for all issues so triable.

DATED this 1st day of April, 2008      RESPECTFULLY SUBMITTED BY


By: _____/s/: James R. Troupis_____
James R. Troupis
Michael A. Hughes
MICHAEL BEST & FRIEDRICH LLP
One South Pinckney Street, Suite 700
P.O. Box 1806
Madison, WI 53701-1806
Telephone: (608) 257-3501
Facsimile: (608) 283-2275

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
Ron E. Shulman
Vern Norviel
Karen K. Wong
650 Page Mill Road
Palo Alto, California 94304-1050
Telephone:  (650) 493-9300
Facsimile: (650) 493-6811

Nicole W. Stafford *(pro hac vice)*
Brian A. Dietzel *(pro hac vice)*
900 South Capital of Texas Highway
Las Cimas IV, Fifth Floor
Austin, Texas 78746-5546
Telephone: (512) 338-5400

**ATTORNEYS FOR PLAINTIFF
EPPENDORF AG**

## CERTIFICATE OF SERVICE

      I certify that on April 1, 2008, I caused a true and correct copy of the Amended Complaint to be served on the following parties via the CM/ECF filing system to:

JOHN J. CASSINGHAM
PATENT COUNSEL
BIO-RAD LABORATORIES, INC.
1000 ALFRED NOBEL DRIVE
HERCULES, CA 94547
E-MAIL: JOHN_CASSINGHAM@BIO-RAD.COM

CATHERINE CETRANGOLO
BOARDMAN, SUHR, CURRY & FIELD
ONE SOUTH PINCKNEY ST., 4TH FLOOR
MADISON, WI 53703
EMAIL: CCETRANGOLO@BOARDMANLAWFIRM.COM

DAVID L BILSKER
HOWREY LLP
525 MARKET STREET, SUITE 3600
SAN FRANCISCO, CA 94105
EMAIL: BILSKERD@HOWREY.COM

GEORGIANNA WITT BRADEN
HOWREY LLP
1111 LOUISIANA DRIVE
25TH FLOOR
HOUSTON, TX 77002-5242
EMAIL: GWITT@HOWREY.COM

                                                          /s/ James R. Troupis
                                                           James R. Troupis